UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SARA NICOLE ANDERSON, § § Plaintiff. § § VS. § § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § Defendant. § | CIVIL ACTION NO. 4:20-cv-04083 |

## MEMORANDUM AND OPINION

Plaintiff Sara Nicole Anderson ("Anderson") seeks judicial review of an administrative decision denying her application for disability insurance benefits under Title II of the Social Security Act (the "Act"). *See* Dkt. 1. Before me are competing motions for summary judgment filed by Anderson and Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Administration" or "Commissioner").[1] *See* Dkts. 17, 18. After reviewing the briefing, the record, and the applicable law, Anderson's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

## BACKGROUND

Anderson filed an application for supplemental security income under Title II of the Act on December 19, 2017, alleging disability beginning on March 1, 2005. Her application was denied and denied again upon reconsideration. Subsequently, an Administrative Law Judge ("ALJ") held a hearing and found that Anderson was

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is automatically substituted as a party under Federal Rule of Civil Procedure 25(d).

not disabled. Anderson filed an appeal with the Appeals Council. The Appeals Council denied review, making the ALJ's decision final and ripe for judicial review.

## APPLICABLE LAW

The standard of judicial review for disability appeals is provided in 42 U.S.C. § 405(g). Courts reviewing the Commissioner's denial of social security disability applications limit their analysis to (1) whether the Commissioner applied the proper legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence. *See Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). Addressing the evidentiary standard, the Fifth Circuit has explained:

> Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance. It is the role of the Commissioner, and not the courts, to resolve conflicts in the evidence. As a result, [a] court cannot reweigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. A finding of no substantial evidence is warranted only where there is a conspicuous absence of credible choices or no contrary medical evidence.

*Ramirez v. Colvin*, 606 F. App'x 775, 777 (5th Cir. 2015) (cleaned up). Judicial review is limited to the reasons relied on as stated in the ALJ's decision, and *post hoc* rationalizations are not to be considered. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Under the Act, "a claimant is disabled only if she is incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (cleaned up). The ALJ uses a five-step approach to determine if a claimant is disabled, including:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past

2

relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

*Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)).

The burden of proof lies with the claimant during the first four steps before shifting to the Commissioner at Step 5. *See id*. Between Steps 3 and 4, the ALJ considers the claimant's residual functional capacity ("RFC"), which serves as an indicator of the claimant's capabilities given the physical and mental limitations detailed in the administrative record. *See Kneeland*, 850 F.3d at 754. The RFC also helps the ALJ "determine whether the claimant is able to do her past work or other available work." *Id*.

## THE ALJ'S DECISION

The ALJ found at Step 1 that Anderson had "not engaged in substantial gainful activity since December 19, 2017," the date of his application. Dkt. 15-3 at 15.

The ALJ found at Step 2 that Anderson suffered from "the following severe impairments: chronic obstructive pulmonary disease (COPD); tobacco abuse; post-traumatic stress disorder (PTSD); bipolar disorder; and generalized anxiety disorder." *Id*.

At Step 3, the ALJ found that none of these impairments met any of the Social Security Administration's listed impairments.

Prior to consideration of Step 4, the ALJ determined Anderson's RFC as follows:

> [Anderson] has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Anderson] may need to use a rescue inhaler as needed. [Anderson] may have to take medications at work for migraines and psychological conditions. [Anderson] must avoid concentrated exposure to dusts, gases, fumes, and industrial inhalant irritants. The claimant is limited to frequent interaction with supervisors and only occasional interaction with coworkers and the public. [Anderson] is

> limited to low stress work settings and tasks, i.e., no forced production paced or assembly line jobs. [Anderson] can adapt to changes in work methods and routines no more frequently than once every two weeks. [Anderson] is limited to detailed but not complex instructions and tasks. [Anderson] may be off task up to 10 percent of the day due to headache, bipolar, anxiety, and PTSD symptoms interfering with concentration, persistence, or pace.

*Id.* at 18.

At Step 4, the ALJ found that Anderson "has no past relevant work." *Id.* at 23. And, at Step 5, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy that [Anderson] can perform." *Id.*

## DISCUSSION

This social security appeal raises three issues. First, Anderson argues that the ALJ failed recognize her asthma and acute chronic bronchitis impairments as severe. *See* Dkt. 17 at 5. Next, Anderson avers that the ALJ failed to make adequate findings concerning her ability to sustain employment, given her testimony that she suffered from "waxing and waning respiratory impairments." *Id.* at 6. Finally, Anderson contends that the "the ALJ erred in finding that [she] retains the ability to perform work at all exertional levels" because the ALJ "fail[ed] to properly account for [her] frequent shortness of breath." *Id.* I am unpersuaded by these arguments.

### A.   SEVERE IMPAIRMENTS

Anderson contends that at Step 2, the ALJ should have recognized her diagnosis of asthma and acute chronic bronchitis as severe. This argument fails for one simple reason: the ALJ did consider her diagnosis of asthma and acute chronic bronchitis as severe. As has been explained by various courts, "COPD is an umbrella term used to describe progressive lung diseases including emphysema, chronic bronchitis, refractory (non-reversible) asthma, and some forms of bronchiectasis." *McGowan v. Colvin*, No. 2:15-CV-144-MTP, 2016 WL 4250433, at *2 n.6 (S.D. Miss. Aug. 11, 2016). *See Wamsley v. Berryhill*, No. 4:17-CV-2731-

4

ERW, 2019 WL 1316999, at *2 n.2 (E.D. Mo. Mar. 22, 2019) ("COPD stands for Chronic Obstructive Pulmonary Disease which is an umbrella term used to describe progressive lung diseases including non-reversible asthma and chronic bronchitis."). As mentioned above, the ALJ recognized COPD and its attendant limitations as one of Anderson's severe impairments. In doing so, the ALJ specifically accounted for Anderson's asthma and acute chronic bronchitis. Thus, in my view, Anderson's argument lacks merit.

B.   **ABILITY TO MAINTAIN EMPLOYMENT**

Next, Anderson argues that the ALJ failed to adequately consider whether she could maintain employment given the waxing and waning nature of her respiratory impairments.

When a claimant's ailment, by its nature, waxes and wanes in its manifestation of disabling symptoms, an ALJ is required "to make a finding as to the claimant's ability to maintain a job for a significant period of time, notwithstanding the exertional, as opposed to non-exertional (e.g., mental illness) nature of the claimant's alleged disability." *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003). "[T]o support a finding of disability, the claimant's intermittently recurring symptoms must be of sufficient frequency or severity to prevent the claimant from holding a job for a significant period of time." *Id.* However, the Fifth Circuit has made it clear that an ALJ is not required to make a specific finding regarding the claimant's ability to maintain employment in every case. *See Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). The claimant must demonstrate, rather than just assert, that her impairment waxes and wanes. *See Tigert v. Astrue*, No. 4:11-CV-00435-Y, 2012 WL 1889694, at *7 (N.D. Tex. May 2, 2012). Without substantial evidence showing that her impairments limit her work to short intervals, or that her impairments wax and wane in a way that completely prevents employment, the ALJ's determination that Anderson is able to maintain

5

employment is subsumed in the RFC definition. *See Roberts v. Colvin*, 946 F. Supp. 2d 646, 663 (S.D. Tex. 2013).

Anderson has failed to offer any medical evidence that indicates she could not sustain work at a specific level of exertion. Nor has she provided any evidence that her condition waxes and wanes in frequency or intensity such that her ability to maintain employment was not adequately considered in the ALJ's RFC determination. Anderson's testimony that "her impairments wax and wane in severity (she has good and bad days)" is not enough to get her over the hump. *See Flynn v. Saul*, No. 4:19-CV-03523, 2020 WL 4818863, at *7 (S.D. Tex. Aug. 19, 2020) (Claimant's "supposed evidence is no different than a claim that she has good days and bad days or general testimony that she would not be able to work on a reliable basis. . . . [T]he Fifth Circuit has found that such evidence does not come close to meeting the standard required by *Frank*." (cleaned up)). Consequently, I find that the ALJ was not required to separately consider whether Anderson could maintain employment.

## C. SHORTNESS OF BREATH

Lastly, Anderson argues that the ALJ failed to account for her frequent shortness of breath. This argument is nothing more than an invitation for me to reweigh the evidence. It is not as if the ALJ ignored Anderson's respiratory problems. Indeed, he discussed COPD at great length, and thoroughly dissected the medical records, explaining:

> The claimant has not required frequent emergency room visit or hospitalizations for COPD exacerbations. The claimant does not use an oxygen tank. She does not use breathing device. The record does not reflect that the claimant has had acute respiratory failure in the last two years. In summary, the claimant has a well-documented COPD, but it is not significant enough to cause physical limitations. Nonetheless, the undersigned has imposed some environmental restrictions in consideration of the claimant's COPD.

Dkt. 15-3 at 19. This discussion was adequate, and I decline Anderson's invitation to set these findings aside in favor of my own interpretation of the administrative record. *See Jenkins v. Kijakazi*, No. 4:20-CV-01840, 2021 WL 4243593, at *4 (S.D. Tex. Sept. 17, 2021) ("I may not reweigh the evidence, try the questions de novo, or substitute my judgment for the Commissioner's, even if I believe the evidence weighs against the Commissioner's decision because conflicts in the evidence are for the Commissioner, not the courts, to resolve." (cleaned up)).

## CONCLUSION

For the reasons provided above, Anderson's motion for summary judgment is **DENIED**, and the Commissioner's motion for summary judgment is **GRANTED**.

SIGNED this 14th day of December 2021.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE